No Summons issued SEA2862/

Received From SEATTLE

FILED ——— ENTERED
LODGED ——— RECEIVED

AUG 27 2009   AUG 26 2009   RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LDK SOLAR CO., LTD, a People's Republic of China corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SILICON & SOLAR, LLC, a Washington limited liability company; SILICON & SOLAR MFG., LLC, a Washington limited liability company; RMD HOLDINGS, LLC, a Washington limited liability company; ECOTECH RECYCLING, LLC, a Washington limited liability company; RENIE M. DUVALL; JOHN DOE DUVALL; and the marital community comprised of RENIE M. DUVALL and JOHN DOE DUVALL,<br><br>Defendants. | NO. C09-5518 BHS<br><br>COMPLAINT<br><br><br><br><br><br><br><br>JURY DEMAND |

COMES NOW Plaintiff LDK Solar Co., Ltd, by and through its attorneys of record, Betts, Patterson & Mines, P.S., and for claims against Defendants Silicon & Solar, LLC, Silicon & Solar Mfg., LLC, RMD Holdings, LLC, Ecotech Recycling, LLC, Renie M. Duvall, and John Doe Duvall, and each of them, alleges as follows:

COMPLAINT
413277/082609 1403/78730001

- 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## PARTIES, JURISDICTION, VENUE, AND APPLICABLE LAW

1. Plaintiff LDK Solar Co., Ltd ("LDK") is a corporate entity existing under and by virtue of the laws of the People's Republic of China. LDK has paid all applicable licensing fees and is otherwise in all respects competent to bring and maintain this action.

2. Defendant Silicon & Solar, LLC is a Washington limited liability company having its principal place of business in Vancouver, Clark County, Washington.

3. Defendant Silicon & Solar, LLC may be served in the Western District of Washington pursuant to RCW 4.28.020 and RCW 4.28.080(8). This Court has personal jurisdiction of Defendant Silicon & Solar, LLC pursuant to Fed. R. Civ. P. 4(e).

4. Defendant Silicon & Solar Mfg., LLC is a Washington limited liability company having its principal place of business in Longview, Cowlitz County, Washington.

5. Defendant Silicon & Solar Mfg., LLC may be served in the Western District of Washington pursuant to RCW 4.28.020 and RCW 4.28.080(8). This Court has personal jurisdiction of Defendant Silicon & Solar Mfg., LLC pursuant to Fed. R. Civ. P. 4(e).

6. Defendant RMD Holdings, LLC is a Washington limited liability company having its principal place of business in La Center, Clark County, Washington.

7. Defendant RMD Holdings, LLC may be served in the Western District of Washington pursuant to RCW 4.28.020 and RCW 4.28.080(8). This Court has personal jurisdiction of Defendant RMD Holdings, LLC pursuant to Fed. R. Civ. P. 4(e).

8. Defendant Ecotech Recycling, LLC is a Washington limited liability company having its principal place of business in Longview, Cowlitz County, Washington.

9. Defendant Ecotech Recycling, LLC may be served in the Western District of Washington pursuant to RCW 4.28.020 and RCW 4.28.080(8). This Court has personal jurisdiction of Defendant Ecotech Recycling, LLC pursuant to Fed. R. Civ. P. 4(e).

COMPLAINT    - 2 -

413277/082609 1403/78730001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

10. On information and belief, Defendant Renie M. Duvall resides in La Center, Clark County, Washington and is married to John Doe Duvall. As to all acts hereinafter alleged, Defendant Renie M. Duvall acted individually on behalf of herself and jointly on behalf of her marital community.

11. Defendant Renie M. Duvall may be served in the Western District of Washington pursuant to RCW 4.28.020 and RCW 4.28.080(15). This Court has personal jurisdiction of Defendant Renie M. Duvall pursuant to Fed. R. Civ. P. 4(e).

12. On information and belief, Defendant John Doe Duvall resides in La Center, Clark County, Washington and is married to Renie M. Duvall. As to all acts hereinafter alleged, Defendant John Doe Duvall acted individually on behalf of himself and jointly on behalf of his marital community.

13. Defendant John Doe Duvall may be served in the Western District of Washington pursuant to RCW 4.28.020 and RCW 4.28.080(15). This Court has personal jurisdiction of Defendant John Doe Duvall pursuant to Fed. R. Civ. P. 4(e).

14. The amount in controversy exceeds $75,000 exclusive of interest and costs. This Court has subject matter jurisdiction of this dispute pursuant to 28 U.S.C. § 1332 (a)(2).

15. All of the defendants reside in Southwestern Washington, and a substantial part of the events or omissions giving rise to this claim occurred there. Venue lies in the Western District of Washington pursuant to 28 U.S.C. § 1391(a) and (c).

16. This case shall be maintained at Tacoma, Washington pursuant to CR 5(e)(1).

17. This case is governed by Washington substantive law.

**FACTUAL ALLEGATIONS**

18. Worldwide demand for electricity is increasing while historical reliance on fossil fuels to supply it has come under ever increasing environmental scrutiny. This tension has

COMPLAINT - 3 -
413277/082609 1403/78730001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

given rise to a global movement towards development of renewable energy sources. As a reliable and versatile form of renewable energy, solar energy is becoming an increasingly important source of electricity.

19. Plaintiff LDK is a Mainland Chinese company dedicated solely to the design, development, manufacture, and distribution of multi-crystalline solar wafers. Wafers are the principal component used to make solar cells which are capable of converting sunlight into electricity. LDK sells multi-crystalline products globally to manufacturers of photovoltaic products, including solar cells and solar modules. LDK's headquarters and manufacturing facilities are located in Xinyu City, Jiangxi Province, People's Republic of China. LDK is listed on the New York Stock Exchange under the symbol "LDK."

20. The global movement towards development of renewable energy sources such as solar energy has resulted in a worldwide shortage of silicon.

21. Defendant Silicon & Solar, LLC is a raw silicon supplier.

22. Plaintiff LDK contracted to purchase large quantities of IC grade silicon from Defendant Silicon & Solar, LLC.

23. Plaintiff LDK paid in advance for its purchases of large quantities of IC grade silicon from Defendant Silicon & Solar, LLC.

24. Defendant Silicon & Solar, LLC accepted payment from Plaintiff LDK for $5,749,371.23 of IC grade silicon that it did not deliver.

25. Defendant Silicon & Solar Mfg., LLC is affiliated with Defendant Silicon & Solar, LLC. In 2007 and 2008, Defendant Silicon & Solar Mfg., LLC received funds from Defendant Silicon & Solar, LLC when Defendant Silicon & Solar, LLC was insolvent and owed Plaintiff LDK millions of dollars. Defendant Silicon & Solar, LLC made transfers with the intent to delay, hinder, or defraud Plaintiff LDK. Defendant Silicon & Solar Mfg., LLC

COMPLAINT - 4 -
413277/082609 1403/78730001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

knew that Defendant Silicon & Solar, LLC was insolvent and owed Plaintiff LDK millions of dollars at the time the funds were transferred. The transfers were not payments for goods or services in the ordinary course of business. Defendant Silicon & Solar, LLC made the transfers without receiving a reasonably equivalent value in exchange for the transfers.

26. Defendant RMD Holdings, LLC is affiliated with Defendant Silicon & Solar, LLC. In 2007 and 2008, Defendant RMD Holdings, LLC received funds from Defendant Silicon & Solar, LLC when Defendant Silicon & Solar, LLC was insolvent and owed Plaintiff LDK millions of dollars. Defendant Silicon & Solar, LLC made transfers with the intent to delay, hinder, or defraud Plaintiff LDK. Defendant RMD Holdings, LLC knew that Defendant Silicon & Solar, LLC was insolvent and owed Plaintiff LDK millions of dollars at the time the funds were transferred. The transfers were not payments for goods or services in the ordinary course of business. Defendant Silicon & Solar, LLC made the transfers without receiving a reasonably equivalent value in exchange for the transfers.

27. Defendant Ecotech Recycling, LLC is affiliated with Defendant Silicon & Solar, LLC. In 2007 and 2008, Defendant Ecotech Recycling, LLC received funds from Defendant Silicon & Solar, LLC when Defendant Silicon & Solar, LLC was insolvent and owed Plaintiff LDK millions of dollars. Defendant Silicon & Solar, LLC made transfers with the intent to delay, hinder, or defraud Plaintiff LDK. Defendant Ecotech Recycling, LLC knew that Defendant Silicon & Solar, LLC was insolvent and owed Plaintiff LDK millions of dollars at the time the funds were transferred. The transfers were not payments for goods or services in the ordinary course of business. Defendant Silicon & Solar, LLC made the transfers without receiving a reasonably equivalent value in exchange for the transfers.

28. Defendant Renie M. Duvall is affiliated with Defendant Silicon & Solar, LLC. In 2007 and 2008, Defendant Renie M. Duvall received distributions from Defendant Silicon &

COMPLAINT
413277/082609 1403/78730001

- 5 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1  Solar, LLC when Defendant Silicon & Solar, LLC was insolvent and owed Plaintiff LDK
2  millions of dollars. Defendant Renie M. Duvall knew that Defendant Silicon & Solar, LLC
3  was insolvent and owed Plaintiff LDK millions of dollars at the time the funds were distributed.
4  The distributions were not payment for goods or services in the ordinary course of business.
5  Defendant Silicon & Solar, LLC made the distributions without receiving a reasonably
6  equivalent value in exchange for the distributions.

7  29. Defendant John Doe Duvall is affiliated with Defendant Silicon & Solar, LLC.
8  In 2007 and 2008, Defendant John Doe Duvall received distributions from Defendant Silicon &
9  Solar, LLC when Defendant Silicon & Solar, LLC was insolvent and owed Plaintiff LDK
10 millions of dollars. Defendant John Doe Duvall knew that Defendant Silicon & Solar, LLC
11 was insolvent and owed Plaintiff LDK millions of dollars at the time the funds were distributed.
12 The distributions were not payment for goods or services in the ordinary course of business.
13 Defendant Silicon & Solar, LLC made the distributions without receiving a reasonably
14 equivalent value in exchange for the distributions.

15 30. On January 15, 2009, Defendant Silicon & Solar, LLC advised Plaintiff LDK
16 that it had ceased operations and closed its doors.

17 31. Defendant Silicon & Solar, LLC refused to deliver the $5,749,371.23 of IC
18 grade silicon pursuant to the contracts or return the $5,749,371.23, despite demand.

19 32. On May 29, 2009, Plaintiff LDK received judgment in this Court against
20 Defendant Silicon & Solar, LLC for $4,423,736.48. The cause number in that case is C09-
21 5077 BHS.

COMPLAINT
413277/082609 1403/78730001

- 6 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## CHARGING ALLEGATIONS

### Count 1: Violations of Uniform Fraudulent Transfers Act

33. Plaintiff LDK realleges and incorporates paragraphs 1-32 above as though fully set forth.

34. Defendant Silicon & Solar, LLC's transfers and distributions to Defendants Silicon & Solar Mfg., LLC, RMD Holdings, LLC, Ecotech Recycling, LLC, Renie M. Duvall, and John Doe Duvall were fraudulent as to Plaintiff LDK because the transfers and distributions were made with actual intent to hinder, delay, or defraud Plaintiff LDK.

35. Defendant Silicon & Solar, LLC's transfers and distributions to Defendants Silicon & Solar Mfg., LLC, RMD Holdings, LLC, Ecotech Recycling, LLC, Renie M. Duvall, and John Doe Duvall were fraudulent as to Plaintiff LDK because the transfers and distributions were made without receiving a reasonably equivalent value in exchange for the transfers or obligations, and Defendant Silicon & Solar, LLC was engaged or was about to engage in a business or a transaction with Plaintiff LDK for which the remaining assets of Defendant Silicon & Solar, LLC were unreasonably small in relation to the business or transaction.

36. Defendant Silicon & Solar, LLC's transfers and distributions to Defendants Silicon & Solar Mfg., LLC, RMD Holdings, LLC, Ecotech Recycling, LLC, Renie M. Duvall, and John Doe Duvall were fraudulent as to Plaintiff LDK because the transfers and distributions were made without receiving a reasonably equivalent value in exchange for the transfers or obligations, and Defendant Silicon & Solar, LLC intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they came due.

COMPLAINT - 7 -
413277/082609 1403/78730001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

37. Defendant Silicon & Solar, LLC's transfers and distributions to Defendants Silicon & Solar Mfg., LLC, RMD Holdings, LLC, Ecotech Recycling, LLC, Renie M. Duvall, and John Doe Duvall were fraudulent as to Plaintiff LDK because Plaintiff LDK's claim arose before the transfers were made or the obligations were incurred, Defendant Silicon & Solar, LLC made the transfers or distributions without receiving a reasonably equivalent value in exchange for the transfers or obligations, and Defendant Silicon & Solar, LLC was insolvent at that time or became insolvent as a result of the transfers or distributions.

38. Defendant Silicon & Solar, LLC's transfers and distributions to Defendants Silicon & Solar Mfg., LLC, RMD Holdings, LLC, Ecotech Recycling, LLC, Renie M. Duvall, and John Doe Duvall were fraudulent as to Plaintiff LDK because the transfers and distributions were made to insiders of Defendant Silicon & Solar, LLC for antecedent debts, Defendant Silicon & Solar, LLC was insolvent at that time, and Defendants Silicon & Solar Mfg., LLC, RMD Holdings, LLC, Ecotech Recycling, LLC, Renie M. Duvall, and John Doe Duvall had reasonable cause to believe that Defendant Silicon & Solar, LLC was insolvent.

<u>Count 2: Equitable Accounting for Transfers and Distributions</u>

39. Plaintiff LDK realleges and incorporates paragraphs 1-38 above as though fully set forth.

40. Defendant Silicon & Solar, LLC made transfers and distributions to Defendants Silicon & Solar Mfg., LLC, RMD Holdings, LLC, Ecotech Recycling, LLC, Renie M. Duvall, and John Doe Duvall that were fraudulent as to Plaintiff LDK.

41. Defendants Silicon & Solar Mfg., LLC, RMD Holdings, LLC, Ecotech Recycling, LLC, Renie M. Duvall, and John Doe Duvall received fraudulent transfers and distributions from Defendant Silicon & Solar, LLC and knew they were fraudulent.

COMPLAINT - 8 -
413277/082609 1403/78730001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

42. Defendants Silicon & Solar, LLC, Silicon & Solar Mfg., LLC, RMD Holdings, LLC, Ecotech Recycling, LLC, Renie M. Duvall, and John Doe Duvall are required to provide a detailed, formal, specific, and complete accounting to Plaintiff LDK for all of the transfers and distributions among them.

## JURY DEMAND

Pursuant Fed. R. Civ. P. 38 and CR 38, Plaintiff LDK hereby respectfully demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, having stated claims against Defendant Silicon & Solar, LLC, Silicon & Solar Mfg., LLC, RMD Holdings, LLC, Ecotech Recycling, LLC, Renie M. Duvall, and John Doe Duvall, Plaintiff LDK respectfully prays as follows:

1. For judgment against said defendants, and each of them, in an amount to be proven at the time of trial or other hearing herein plus prejudgment interest;

2. For avoidance of the transfers and distributions to the extent necessary to satisfy Plaintiff LDK's claims;

3. For an attachment or other provisional remedy against the assets transferred or other property in accordance with the procedure prescribed by Chapter 6.25 RCW;

4. For an injunction against further disposition of the assets transferred or other property;

5. For appointment of a receiver to take charge of the assets transferred or other property;

6. For a detailed, formal, specific, and complete accounting for the transfers and distributions made and received;

7. To have and recover its costs of suit including a reasonable attorney's fee;

COMPLAINT - 9 -
413277/082609 1403/78730001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1   8.   To have its pleadings amended to conform to the proof offered at the time of
2   trial or other hearing herein; and
3   9.   For such further favorable relief as the Court deems appropriate and just.
4   DATED this 26th day of August, 2009.

BETTS, PATTERSON & MINES, P.S.

By _____
James D. Nelson, WSBA #11134
Victoria M. Pond, WSBA #33159
Attorneys for Plaintiff

COMPLAINT                       - 10 -
413277/082609 1403/78730001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988